# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUNGDO ENG USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HYOUNGWON INC., *et al.*, <br><br> Defendants. | Case No. 1:23-cv-06025-MLB |

## JOINT STATEMENT REGARDING DISCOVERY DISPUTE

Plaintiff Sungdo ENG USA, Inc. and Defendants Hyoungwon E&C America, Inc., Ju Ho Lee, and Haesung Jang, by and through their attorneys, hereby submit this Joint Statement of their pending discovery disputes.

## NATURE OF DISPUTE

This dispute concerns the timing of Defendants' written responses and document production during the expedited discovery period requested by Plaintiff's Motion for Expedited Discovery ("Motion") [Dkt. 20] granted in part and denied in part by the Court. Counsel for the parties have conferred via telephone and email, but are unable to reach a resolution.

**Plaintiff's Position:**

The Court has granted expedited discovery for the purposes of ruling on the remaining issues raised by Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 18). The Court also ordered Plaintiff to depose Lee and Jang the week of February 5. (Dkt. 26.)

Per the Court's January 26 order, Plaintiffs have noticed the depositions of Defendants J. Lee and Jang for this **February 8 and 9**, and to ensure receipt of Defendants' responses and production in advance of the depositions, Plaintiff requested that such responses and production be provided by Friday, **February 2**. Defendants, though their counsel, originally represented that they would endeavor to serve their responses by that deadline and then represented that, because "the language barrier and related translation is requiring additional time," they

308171139v.3

"anticipate[d] having Defendants' responses to Plaintiff's discovery requests to [Plaintiff's counsel] by Monday February 5, 2024." To date, however, Defendants have provided only objections, and no documents or substantive responses. However, Defendants, through their counsel, have now indicated that they will not serve their discovery responses until February 9 and will not serve documents until February 16.

Plaintiff is amenable to giving Defendants additional time and is amenable to continuing the depositions to allow for proper responses--at least briefly, as Plaintiff regards this matter as urgent. However, Plaintiff is mindful of the continued TRO hearing, which the Court has scheduled for February 15, and the existing order that Defendants J. Lee and Jang sit for depositions *this week*.

Plaintiff offered to resolve this dispute by agreeing to continue the hearing to the week of **February 19** (as the Court's availability permits) and scheduling the depositions the prior week, provided that Defendants agree to provide their written responses this Friday, **February 9** and provide their initial document production on **February 12**. This proposed resolution would provide Defendants with additional time to gather their responsive documents and allow the depositions to take place after Defendants have responded to the expedited discovery and produced documents. However, Defendants rejected this proposal and insist that they will not make a document production until **February 16** – i.e., until the day after the continued hearing on Plaintiff's Motion for TRO.

**Defendants' Position:**

Under the guise of a discovery dispute, Plaintiff seeks different relief from this Court than it requested in its Motion for Expedited Discovery [Dkt. 20]. Instead of living with the fourteen days to provide written responses with production of documents seven days later, which Plaintiff requested, Plaintiff then unilaterally attempted to shorten the time to seven days, both to respond and to produce documents. Defendants are working within the Court's Order, which granted (in part) expedited written discovery and depositions with the limits and timeline Sungdo requested in its Motion. The Court's Order dictated only the deadline for holding the two three-hour depositions requested; Sungdo did not ask the Court to order Defendants to provide written responses or produce documents before the limited depositions. This is not a discovery dispute; it is a request for leave to file an amended motion for expedited discovery.

There are only two issues up for the next hearing: whether the Court may ban Lee from working with Hyoungwon E&C in the US and the enforceability of Jang's non-compete. The written discovery requests cover much more territory, including topics applicable only to Sungdo's preliminary injunction request, which the Court

2

will decide whether to hold after the February 15 hearing. So, while Defendants were attempting to be accommodating, because one of the Defendants speaks little to no English and documents collected are in Korean, additional time is necessary to ensure proper responses. And Sungdo faces no prejudice from complying with its own discovery limits and timeline as the Court explained that Sungdo will have the opportunity to depose Mr. Lee and Mr. Jang again. There is no need to upend the schedule to accommodate Sungdo's change of mind. *See* Fed. R. Civ. P. 26(d)(3).

Nonetheless, Defendants offered to reschedule the depositions for a time after Defendants' Court-ordered production of documents, but Sungdo refused and instead demands that Defendants submit to a compressed discovery timeline of Sungdo's choosing. Defendants proposed (i) Defendants serve their written discovery responses by **February 9, 2024 (as in Sungdo's Motion)**; (ii) Defendants shall produce documents by **February 16, 2024 (as in Sungdo's Motion)**; (iii) Sungdo may **depose Lee and Jang on February 22nd and 23rd**; and (iv) Hearing before the Court on **February 26th or thereafter, as the Court permits**, with the Parties providing written submissions two days before the hearing. Sungdo rejected Defendants' proposal that both complies with the deadlines for the written discovery as Sungdo requested, and allowed Sungdo the opportunity to review the written discovery responses and the documents produced. In sum, because Sungdo did not ask for the relief it seeks now, there is no discovery dispute for the Court to decide and no prejudice to Sungdo for abiding by the deadlines it offered and the Court set.

Respectfully submitted this 7th day of February, 2024.

| | |
|---|---|
| */s/ Daniel P. Hart* | */s/ Erika C. Birg* |
| Daniel P. Hart | Erika C. Birg |
| Georgia Bar No. 141679 | Georgia Bar No. 058140 |
| dhart@seyfarth.com | erika.birg@nelsonmullins.com |
| Sul Ah Kim | K. Paige Nettles |
| Georgia Bar No. 697119 | Georgia Bar No. 524607 |
| sakim@seyfarth.com | paige.nettles@nelsonmullins.com |
| SEYFARTH SHAW LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| 1075 Peachtree Street, NE Suite 2500 | 201 17th Street, NW, Suite 1700 |
| Atlanta, GA 30309-3958 | Atlanta, GA 30363 |
| Telephone:  (404) 885-1500 | Telephone: (404) 322-6000 |
| Facsimile:   (404) 892-7056 | Facsimile: (404) 322-6050 |
| OF COUNSEL: | *Attorneys for Defendants Hyoungwon* |

308171139v.3

| | |
|---|---|
| David J. Kim<br>California Bar No. 349802<br>(Admitted *Pro Hac Vice*)<br>dakim@seyfarth.com<br>Sierra J. Chinn-Liu<br>California Bar No. 322994<br>(Admitted pro hac vice)<br>SEYFARTH SHAW LLP<br>2029 Century Park East<br>Suite 3500<br>Los Angeles, CA 90067-3021<br>Telephone:   (310) 277-7200<br>Facsimile:    (310) 201-5219 | *E&C America, Inc., Ju Ho Lee, and Haesung Jang* |

*Attorneys for Sungdo ENG USA, Inc.*


 By counsel's signature above, counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(c).

4